United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Gerald Delisfort and Shalanda Delisfort, Plaintiffs<br><br>v.<br><br>U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and others, Defendants | Civil Action No. 16-60730-Civ-Scola |

### Order Denying the Plaintiffs' Emergency Motion

On April 5, 2016, Gerald Delisfort and Shalanda Delisfort, *pro se,* sued the Defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), during foreclosure proceedings. (*See* ECF No. 1). The Defendants were served on April 7, 2016, but have not yet appeared in this case. (*See* ECF Nos. 7–9). On April 20, 2016, the Plaintiffs filed an Emergency Motion to Cancel/Postpone Sale, Vacate Final Judgment and Request an Evidentiary Hearing Based Upon Fraud On the Court. (ECF No. 6). The Plaintiffs, however, provide no legal grounds for the relief they seek.

Reading the Emergency Motion, it appears that a Florida state court granted the Defendants' motion for summary judgment of foreclosure in rem, and the Plaintiffs now ask this Court to reverse that ruling. For example, the Plaintiffs request that the Court "dismiss[] [] the defendants complaint on the basis of fraud" and seek "relief from judgment" under Florida Rule 1540(b). (*See* ECF No. 6 at 2–3). Such actions are not within this Court's power. At best, the Emergency Motion can be construed as a motion for a temporary restraining order halting the sale of foreclosed property. However, "[t]he Anti–Injunction Act prohibits a federal court from 'grant[ing] an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *Mercer v. Sechan Realty, Inc.,* 569 F. App'x 652, 655 (11th Cir. 2014) (quoting 28 U.S.C. § 2283). "[I]n assessing the propriety of an injunction entered to stop a state court proceeding, the sole relevant inquiry is whether the injunction qualifies for one of the exceptions to the Anti–Injunction Act." *Burr & Forman v. Blair,* 470 F.3d 1019, 1027–28 (11th Cir. 2006). The Plaintiffs have not presented any argument that this case falls within any of the

exceptions to the Anti-Injunction Act. Accordingly, after considering the motion, the record, and the relevant legal authorities, the Court **denies** the emergency motion (ECF No. 6).

    **Done and ordered** at Miami, Florida on April 21, 2016.

_____
Robert N. Scola, Jr.
United States District Judge
