UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

GERALD DELISFORT and
SHALANDA DELISFORT,

    Plaintiffs,                                    Case No. 0:16-cv-60730-RNS

v.

U.S. BANK TRUST, N.A., et al.,

    Defendants.

_____/

**DEFENDANT'S MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Local Rule 7.1 and Fed. R. Civ. P. 12(b)(5), Defendant, U.S. BANK TRUST, N.A. ("U.S. Bank"), by and through its undersigned counsel, moves to dismiss the Complaint filed by Plaintiffs, GERALD DELISFORT and SHALANDA DELISFORT (together, "Plaintiffs") for insufficient service of process and, in support thereof, states as follows:

**INTRODUCTION**

Plaintiff filed a single count Complaint against U.S. Bank, among others, for alleged debt collection violations on or about April 5, 2016. (Doc 1). Thereafter, on or about April 20, 2016, Plaintiffs filed a Proof of Service stating they had served U.S. Bank via "priority certified mail." (Doc. 7). As such, the Clerk entered a deadline of April 28, 2016 for U.S. Bank to respond to the Complaint.

**STANDARD OF REVIEW**

An action may be dismissed for insufficient process under Rule 12(b)(5) if the defendant is not served in accordance with Fed. R. Civ. P. 4. *T–12 Ent., LLC v. Young Kings Enterprises, Inc.,* 36 F.Supp.3d 1380, 1:14–CV–841–TCB, 2014 WL 3893022 (N.D.Ga.2014). "Initially the defendant has the burden of challenging the sufficiency of service and must describe with specificity how the service of process failed to meet the procedural requirements of Fed. R. Civ. P. 4. Once the defendant carries that burden, then the burden shifts to the plaintiff to prove a prima facie case of proper service of process." *Fru Veg Mktg. v. Vegfruitworld Corp.,* 896 F.Supp.2d 1175, 1182 (S.D.Fla.2012)(internal citations omitted).

**ARGUMENT**

Rule 4 of the Federal Rules of Civil Procedure dictates the manner in which Plaintiffs may serve U.S. Bank. Under Rule 4, a plaintiff is permitted to serve a defendant by following Florida state law for serving a summons and complaint. Fed. R. Civ. P. 4(h) & 4(e)(1). While service by certified mail may be permitted under state rules in certain limited instances, such circumstances are not applicable here. *See* Fla Stat §§ 48.071 & 48.161.

Pursuant to Fla Stat § 48.161, substitute service on a nonresident or a person who has concealed his or her whereabouts may be served by and through the Secretary of State by leaving a copy of the process, along with the prescribed fee, with the Secretary of State or in his or her office, or by mailing the copies by certified mail to him or her with the specified fee. Fla. Stat. § 48.161(1). This situation is not pertinent since, among other things, Plaintiffs sent the certified mailing themselves and not to or through the Secretary of State as required.

Fla Stat § 48.071 provides that when "any natural person or partnership not residing or having a principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services," that "[a] copy of such process with a notice of service on the person in charge of such business shall be sent forthwith to the nonresident person or partnership by registered or certified mail, return receipt requested," and "[a]n affidavit of compliance with this section shall be filed before the return day or within such further time as the court may allow." Fla Stat § 48.071.  Again, this statute is not pertinent since, among other things, the Complaint was not physically served upon any "person who is in charge of any business in which [U.S. Bank] is engaged within this state" nor did Plaintiffs submit a copy of any such process when they mailed with the summons or complaint or file the requisite affidavit of compliance.

The Eleventh Circuit has held that "service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, *even when a defendant has actual notice of the filing of the suit*." *Abele v. City of Brooksville, Fla.,* 273 Fed. Appx 809, 811 (11th Cir.2008)(citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries,* 353 F.3d 916, 925 (11th Cir.2003)(emphasis added). Moreover, while *pro se* pleadings may be afforded some leniency, they must still conform to procedural rules. *Kammona v. Onteco Corp.,* 587 Fed. Appx. 575 (11th Cir.2014) (affirming district court's dismissal without prejudice of pro se plaintiff's complaint for insufficient service of process) (citing *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir.2007)).

It is indisputable that Plaintiffs did not serve U.S. Bank in accordance with Florida law. Instead, Plaintiffs circumvented the state rules and attempted to serve U.S. Bank by simply

3

sending a copy of the summons and complaint themselves via certified mail.  *See* Proof of Service attached as **Exhibit A**.   Plaintiffs' attempted service on U.S. Bank clearly runs afoul of Florida law and, therefore, is a nullity and should be quashed and this case must be dismissed.

## CONCLUSION

Defendant, U.S. BANK TRUST, N.A., respectfully requests that this Court dismiss Plaintiff's Complaint, quash service as to Defendant, and award such further relief as the Court deems appropriate.

Respectfully submitted this 25th day of April, 2016.

/s/ E. TYLER SAMSING
Timothy A. Andreu (FBN: 443778)
tandreu@bradley.com
E. Tyler Samsing (FBN: 28380)
tsamsing@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
100 S. Ashley Dr., Suite 1300, Tampa, FL 33602
Telephone: (813) 229-3333 | Fax: (813) 229-5946
*Attorneys for U.S. Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system and served a copy via **U.S. MAIL** on:

Gerald Delisfort
Shalanda Delisfort
7430 Meridian Street
Miramar, FL 33023

/s/ E. TYLER SAMSING
Attorney